```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHEN REED and CINDY REED,

                        Plaintiff,           11-CV-6027

            v.                               DECISION
                                             and ORDER
AQUEON PRODUCTS and CENTRAL GARDEN
and PET,

                        Defendants.

_____
```

Plaintiffs, Stephen and Cindy Reed, bring this action for negligence, product liability and breach of warranty against Defendants, Aqueon Products and Central Garden and Pet, based on a fire that occurred at the Plaintiffs' home on January 16, 2008. Plaintiffs allege that the fire was caused by a defect in a product manufactured and/or distributed by Defendants. Nash Aff. at ¶2, Docket No. 2-1.

Plaintiffs initially served the Defendants with a copy of the Complaint and a "Waiver of Service of Summons" form by mail on April 13, 2011. Id. at ¶3. Defendants received the Complaint and the form, but did not execute the Waiver of Service of Summons form, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Livingston Aff. at ¶5-8. It appears that Defendants' primary reason for failing to execute the Waiver of Service form is that they believed Plaintiffs' claims were barred by the applicable

1

statutes of limitations.  However, the Court does not find that this is "good cause" for Defendants' failure to execute the Waiver of Service form, as such an argument could easily be made in a later Motion to Dismiss, with minimal cost to the Defendant. See Fed. R. Civ. P. 4(d)(2). Further, Defendants have not responded to Plaintiffs' contention that their claim is indeed timely, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.

Plaintiffs, however, failed to serve the Defendant with a Summons, even after it became apparent that Defendant would not execute the Waiver of Service form.[1] However, based on the Plaintiffs' submissions, it appears that an attempt to serve the Defendant with a Summons, after giving them a reasonable time to execute the Waiver of Service form, may have been untimely pursuant to Rules 4(d) and 4(m) of the Federal Rules of Civil Procedure, which require the Plaintiff to allow the Defendant at least 30 days to execute the Waiver of Service, but require that Plaintiff serve the Defendant with a Summons and copy of the Complaint within 120 days of filing the Complaint. See Fed. R. Civ. P. 4(d), (m); Nash Aff. at ¶3.  This is partially true because Plaintiff did not attempt to serve the Defendant until April 13, well into the 120 day period.  Id.

---

[1]Because it appears from the timing of Plaintiffs' correspondence with the Defendants and the timing of the instant motion, that more than 60 days passed after the 120 day time limit to serve process expired before Plaintiffs attempted to cure the obvious deficiency in service, this Court finds that it is not appropriate, under these circumstances, to require Defendants to bear the cost of service, pursuant to Rule 4(d).

2

Plaintiffs now move for leave to serve a late Summons on the Defendants.  Defendants oppose the motion and, in the alternative, request that the Court Order the Plaintiffs to bear the cost of service and that the time to serve their Answer be computed from the date that service is complete.

Pursuant to Rule 4(m), a Court may extend the time to serve process for good cause or where a discretionary extension is appropriate.  Fed. R. Civ. P. 4(m); Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.; 187 F.R.D. 503, 506-7 (S.D.N.Y. 1999). "[A] district court may 'relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown.' Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." Id.  This Court finds these factors weigh in favor of granting the Plaintiffs an extension of time to serve a Summons on the Defendants.

Plaintiffs served the Waiver of Service form and a copy of the Complaint on the Defendants within 120 days of filing the Complaint giving the Defendants actual notice of their claims.  The Court also notes that Plaintiffs' claims would be time-barred if this

Court dismissed the action.  Defendants, rather than executing the Waiver of Service form, decided to wait until Plaintiffs' time to serve had expired to alert them that they would not execute the Waiver of Service.  While Plaintiffs were not particularly diligent in their efforts to serve Defendants with an actual Summons, it does not appear that they were negligent, as they followed up with the Defendants on July 29, 2011, after having not received the Waiver or any other correspondence from the Defendants.  By that time, the time for Plaintiffs to timely serve a Summons had passed.  Lastly, Defendants do not contend, nor does this Court find that Defendants would be prejudiced should the Court grant Plaintiffs' request.  Accordingly, it is hereby

**ORDERED**, that Plaintiffs serve a Summons on the Defendants no later than October 12, 2011;

**FURTHER** that the Plaintiffs shall bear the cost of service of the Summons; and

**FURTHER** that Defendants time to serve an Answer shall be computed from the date that service is complete.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          September 13, 2011